**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JORGE FLORES,

Plaintiff,

v.

CITY OF NEW YORK, DETECTIVE MICHAEL RICKETTS (Shield #26627), DETECTIVE DAVID BROADWELL (Shield #2123), and OFFICERS "JOHN DOE" #1 through #15, individually and in their official capacities, (the names "John Doe" being fictitious, as the true names of these individuals are presently unknown),

Defendants.

**<u>FIRST AMENDED COMPLAINT</u>**

1:13-cv-06496-CM

<u>Jury Trial Demanded</u>

Plaintiff Jorge Flores, by his attorneys, Reese Richman LLP, complaining of the Defendants, respectfully alleges as follows:

## <u>PRELIMINARY STATEMENT</u>

Plaintiff brings this action for damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for the wrongful acts of Defendants CITY OF NEW YORK, DETECTIVE MICHAEL RICKETTS (Shield #26627), DETECTIVE DAVID BROADWELL (Shield #2123), and OFFICERS "JOHN DOE" #1 through #15, individually and in their official capacities, (the names "John Doe" being fictitious, as the true names of these individuals are presently unknown), as Officers of the New York City Police Department and other agencies of the City of New York, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights under the Constitution and laws of the Unites States and of the State of New York.

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as to any and all of Plaintiff's claims arising under New York state law as such claims share a common nucleus of operative facts with Plaintiff's federal claims herein.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff JORGE FLORES is a young Hispanic male and was at all relevant times a resident of the borough of Manhattan in the County and State of New York.

7. Defendant CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York. Defendant CITY operates, manages, directs and controls the New York City Police Department ("NYPD") and other municipal agencies and departments which are responsible for carrying out law enforcement activities under color of state law.

8. Defendants DETECTIVE MICHAEL RICKETTS (Shield #26627), DETECTIVE DAVID BROADWELL (Shield #2123) and OFFICERS "JOHN DOE" #1 through #15 are and

were at all relevant times police or correction officers, supervisors, and/or policymakers employed by Defendant CITY with the NYPD and/or other CITY agencies and acting under color of state law.

9. At all times relevant hereto and in all their actions alleged herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its agencies and departments, including the NYPD, and pursuant to their authority as employees, servants and agents of the NYPD, and/or other agencies, and within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and law enforcement officers.

10. Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of officers, supervisors, and employees within its agencies, including the NYPD and/or other agencies which employed the Defendants herein.

**FACTS**

11. On or about the evening of February 7, 2013, Plaintiff was unlawfully arrested as he was exiting an apartment located at approximately 186 East 111th Street, Manhattan E. 111th Street.

12. As Plaintiff attempted to exit the apartment with his dog, he was immediately surrounded and detained by members of the NYPD detective squad, including Defendants Detective Michael Ricketts (Shield #26627) and Detective David Broadwell (Shield #2123), despite the complete absence of any reasonable suspicion or probable cause.

13. During this time, an NYPD Detective pointed a gun at Plaintiff's head yelling at Plaintiff to get on the ground or that he would shoot. Plaintiff was then put into handcuffs

14. Also during this time, Plaintiff's leashed dog sustained significant injuries. The

dog, though docile and leashed at all times, had the front door slammed on it and now requires expensive surgery.

15.     Defendant officers found no contraband on Plaintiff's person, was any contraband found in plain-view in Plaintiff's vicinity.

16.     Plaintiff, to his embarrassment, was thereafter placed on a public street in front of a purported complaining witness to an alleged robbery.  The complaining witness stated that Plaintiff was not involved in the robbery.

17.     Despite a complete lack of probable cause, reasonable suspicion or other justification, Defendant officers, including Detective Michael Ricketts and Detective David Broadwell, unlawfully arrested Plaintiff under arrest number M13612447Q and transported him to the NYPD 23rd precinct.

18.     During his unlawful detention, Plaintiff, without ever having been notified of his rights, was searched, interrogated and denied food for 24 hours.

19.     Plaintiff was held for over 48 hours in a cell with several other individuals and no toilet before being transferred to Manhattan Detention Complex ("MDC") on or about February 10, 2013 during the early morning.

20.     Plaintiff remained at MDC for approximately six (6) hours until he was released at approximately 6:00 a.m. on February 10, 2013 when the New York County District Attorney's Office declined to prosecute charges.

21.     Plaintiff filed a Notice of Claim with Defendant CITY's Comptroller on May 10, 2013. Plaintiff's Notice of Claim was assigned number 2013PI012282. At least thirty (30) days have elapsed since Plaintiff's Notice of Claim was filed and no payment or adjustment thereof has been made.

**FIRST CLAIM FOR RELIEF:**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS**

22. Plaintiff JORGE FLORES repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

23. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

24. All of the aforementioned acts by Defendants deprived Plaintiff of the rights, privileges and immunities guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, said violations being actionable under 42 U.S.C. § 1983.

25. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, with the actual and/or apparent authority attendant thereto.

26. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, all under the supervision of ranking officers of said department.

27. Defendants, collectively and individually, while acting under color of state law, violated Plaintiff's civil rights; these violations were driven and motivated by, reflective of and carried out pursuant to a custom, usage, practice, procedure or rule of Defendant CITY, which is forbidden by the Constitution of the United States.

28. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

**SECOND CLAIM FOR RELIEF:**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

29. Plaintiff JORGE FLORES repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

30. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

31. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and Plaintiff was at all times aware of his confinement. Plaintiff was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

32. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors and peers. Plaintiff was discredited in the minds of many members of the community.

**THIRD CLAIM FOR RELIEF**
**TRESPASS TO CHATTELS UNDER NEW YORK COMMON LAW**

33. Plaintiff JORGE FLORES repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

34. Defendant officers intentionally, without justification or consent, physically interfered with the use and enjoyment of personal property -- an American Staffordshire terrier dog -- in Plaintiffs' possession. Plaintiff's dog was substantially injured.

35. Despite the fact that Plaintiff's dog was docile when Defendants beat and injured the dog.

36. Plaintiff suffered damages in the injury of a beloved pet, including veterinary bills and resulting emotional distress, financial harm, stress and strain, and continued loss of the use and benefit of his pet.

37. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

**FOURTH CLAIM FOR RELIEF**
**NEGLIGENCE**

38. Plaintiff JORGE FLORES repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

39. Defendants had a legal duty to Plaintiff, including the duty to act reasonably and the duty to Plaintiff to not violate his civil rights or damage his property.

40. Defendants' actions in unlawfully arresting Plaintiff, unlawfully depriving Plaintiff of liberty and property, and unlawfully damaging Plaintiff's property, among other acts against Plaintiff constituted a breach of Defendants' duty.

41. As a consequence of Defendants' actions as described herein, Plaintiff suffered a deprivation of his civil rights, deprivation of property and suffering, and has been otherwise injured.

42. Defendants' actions herein inflicted emotional distress upon Plaintiff.

43. Defendants' actions were the direct and proximate cause of the harm to Plaintiff.

44. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

**FIFTH CLAIM FOR RELIEF:**
**ASSAULT UNDER NEW YORK STATE LAW**

45. Plaintiff JORGE FLORES repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

46. By the actions described herein, Defendants intentionally caused and allowed

Plaintiff to be placed in apprehension of imminent harmful and offensive contact, in violation of the Constitution and Laws of the State of New York.

47. Defendants' actions were not in furtherance of any legitimate police interest and were not otherwise privileged.

48. As a consequence of Defendants' actions as described herein, Plaintiff has been injured.

49. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

**SIXTH CLAIM FOR RELIEF:**
**BATTERY UNDER NEW YORK STATE LAW**

50. Plaintiff JORGE FLORES repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

51. Defendant officers acted in a violent, excessive, unnecessary, and unwarranted manner in the performance of their duties as police officers of the Defendant City and created an environment that placed Plaintiff into unsafe conditions.

52. By the actions described herein, Defendants intentionally caused and allowed Plaintiff to be struck in a harmful and offensive manner, in violation of the Constitution and Laws of the State of New York.

53. Defendants' actions were not in furtherance of any legitimate police interest and were not otherwise privileged.

54. As a consequence of Defendants' actions as described herein, Plaintiff has been injured.

55. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

**SEVENTH CLAIM FOR RELIEF**
**UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF THE NEW YORK CONSTITUTION**

56. Plaintiff JORGE FLORES repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

57. Defendants' acts and omissions were a direct and proximate result of Plaintiffs and deprivation of his rights under Article I, Section 12 of the New York Constitution to be secure in his person and effects, against unreasonable searches and seizures, without probable cause.

58. The unlawful searches, false arrests, and false imprisonment of Plaintiff were the direct and proximate result of a policy or practice of the City.

59. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

**EIGHTH CLAIM FOR RELIEF**
**FALSE ARREST AND IMPRISONMENT IN VIOLATION OF NEW YORK COMMON LAW**

60. Plaintiff JORGE FLORES repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

61. Plaintiff was detained and imprisoned in the absence of probable cause, was at all times aware of his confinement, and the arrest and confinement were not privileged or excused.

62. As a direct and proximate result of the acts and omissions of the Defendants, the Plaintiff has been deprived of his rights under New York law to be free from false arrest and false imprisonment.

63. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

**NINTH CLAIM FOR RELIEF:**
**EQUAL PROTECTION**

64. Plaintiff JORGE FLORES repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

65. Defendants unlawfully singled out Plaintiff and violated his Fourth, Fifth, and Fourteenth Amendments, in part because of his race, age and gender.

66. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

67. As a result of Defendants' unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his family and peers, confinement, pain and suffering, embarrassment and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community.

**TENTH CLAIM FOR RELIEF:**
**FAILURE TO INTERVENE**

68. Plaintiff JORGE FLORES repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

69. Those defendants that were present during the time when Plaintiffs constitutional rights were violated, but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

70. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments.

71. As a direct and proximate result of this unlawful conduct, Plaintiff was subjected to humiliation, ridicule, and disgrace before his family and peers, confinement, pain and suffering, embarrassment and emotional distress.

## ELEVENTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

72. Plaintiff JORGE FLORES repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

73. Defendants searched, seized and prosecuted Plaintiff despite a complete lack of cause against him, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

74. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers and officials, with the entire actual and/or apparent authority attendant thereto.

75. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant CITY and its agencies, including the NYPD, all under the supervision of ranking officers of said department.

76. The aforementioned customs, policies, usages, practices, procedures and Defendant CITY include discriminating against and detaining minority males without reasonable suspicion or having probable cause as to each individual and without evidence of each individual's criminal activity and conducting intrusive body searches without individual particularized suspicion or other justification, detaining and prosecuting minority males without reasonable suspicion or having probable cause as to each individual and without evidence of

each individual's criminal activity, and arresting persons known to be innocent in order to meet "productivity goals".

77.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

78.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

79.     Defendant CITY, as municipal policymaker in the training and supervision of Defendants DETECTIVE MICHAEL RICKETTS (Shield #26627), DETECTIVE DAVID BROADWELL (Shield #2123), and OFFICERS "JOHN DOE" #1 through #15, individually and in their official capacities, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

80.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY constituted a deliberate indifference to Plaintiff's constitutional rights.

81.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

82.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

83.     All of the foregoing acts by Defendants deprived Plaintiff Jorge Flores of federally protected rights, including, but not limited to, the right:

    a.  Not to be deprived of liberty without due process of law;

    b.  Not to be deprived of property without due process of law;

    c.  To be free from search, seizure, arrest and imprisonment not based upon reasonable suspicion and probable cause;

    d.  To be free from infliction of emotional distress; and

    e.  To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.
2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.
3. Reasonable attorney's fees and costs; and
4. Such other and further relief as this Court deems just and proper.

DATED: New York, New York
November 6, 2013

Respectfully submitted,

Kim E. Richman
*Attorney for Plaintiff*
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone: (212) 643-0500